UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

LETICIA ROMERO,

        Plaintiff,

v.

WASHOE COUNTY, a political subdivision of the State of Nevada; DIANNA MANN, individually and in her capacity as social worker for WASHOE COUNTY; JULIE BRANDT, individually and in her capacity as social worker for WASHOE COUNTY; DOES 1-10

        Defendants.

3:11-CV-00582-LRH-WGC

<u>ORDER</u>

Before the court is defendants' Dianna Mann and Julie Brandt's Motion to Dismiss for Insufficient Service of Process (#15[1]). Plaintiff Leticia Romero has responded (#16), and Defendants have replied (#17).

**I.    Facts and Procedural History**

Plaintiff Romero alleges that Defendants removed Romero's minor son from her home without a warrant and without reasonable cause to believe the minor was in danger. Romero has lodged the following claims against Mann and Brandt in their individual and official capacities

---

[1] Refers to court's docket entry number.

under 42 U.S.C. § 1983: violation of the Fourth Amendment, violation of substantive due process, and violation of procedural due process.

On August 29, 2011, Romero's agent attempted to serve process on Mann and Brandt by serving La Donna Babione, an employee of the Washoe County Department of Social Services ("the Department"). Babione is authorized to accept subpoenas from the District Attorney's office on behalf of the Department, but she is not authorized to accept service on behalf of Mann or Brandt. (Babione Decl. #23-1, ¶¶ 2, 6.) However, when Romero's agent arrived at the Department, Babione represented that she was authorized to accept service on behalf of Mann and Brandt. (Zawacki Decl. #16-1, ¶ 12.)

Mann and Brandt now move to dismiss the claims against them for insufficient service of process.

**II.  Discussion**

Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal due to insufficient service of process. When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service under Rule 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). In granting a Rule 12(b)(5) motion, the court may either dismiss the action without prejudice or retain the action and permit the plaintiff to cure the defects. *See* Fed. R. Civ. P. 4(m); *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985).

Federal Rule of Civil Procedure 4(e) requires service on an "individual" to take place by "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." The third method of service is at issue here.

Where a person is subject to suit in dual capacities—individual and official—"personal service, and not service at the place of employment, is necessary to obtain jurisdiction over a defendant in [her] capacity as an individual." *See Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th

Cir. 1987). However, the Ninth Circuit only requires "substantial compliance" with Rule 4's directives for personal service. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). Accordingly, failure to adhere to Rule 4(e) does not require automatic dismissal "if (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984).

Here, Romero's service on Mann and Brandt in their individual capacities was defective. Romero served them through an unauthorized agent at their place of employment, in violation of the procedures set out in Rule 4(e).[2] *See Daly-Murphy*, 837 F.3d at 355; *see also Hummasti v. Ali*, 2007 WL 2572168 *2 (D. Or. Aug. 30, 2007) (noting that actual authority, not apparent authority, is necessary to satisfy Rule 4(e)). Therefore, Romero can avoid dismissal only by satisfying the *Borzeka* test.

Romero has met parts (a) and (b) of this test. In addition, Romero has presented evidence that Babione claimed authority to receive process on behalf of Mann and Brandt. (Zawacki Decl. #16-1, ¶ 12.) This constitutes a "justifiable excuse" for the failure to serve Mann and Brandt personally. Finally, dismissal of Romero's claims against Mann and Brandt in their individual capacities would leave her with claims against Washoe County only. These claims require Romero to prove a county policy or practice in violation of Romero's federally protected rights—a more difficult showing than is required by claims against defendants in their individual capacities under section 1983. *See Wimberly v. City of Clovis*, 375 F. Supp. 2d 1120, 1127 (D.N.M. 2004) ("[The showing of an illegal policy or practice] is very difficult for any plaintiff to reach. Even plaintiffs that proceed to trial against individual defendants often are unable to keep the [local government

---

[2] Nevada's rule of personal service is identical in relevant respects to Rule 4(e). *See* Nev. R. Civ. P. 4(d)(6).

3

defendant] in the case."). Therefore, dismissal of Mann and Brandt in their individual capacities would prejudice Romero.

IT IS THEREFORE ORDERED that Mann and Brandt's Motion to Dismiss for Insufficient Service of Process (#15) is DENIED.

IT IS FURTHER ORDERED that Romero shall effect personal service on Mann and Brandt within thirty (30) days from the entry of this order. Failure to effect proper personal service will result in dismissal of the improperly served defendants in their individual capacities.

IT IS SO ORDERED.

DATED this 9th day of May, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE