1
2
3
4
5
6                  UNITED STATES DISTRICT COURT

7                       DISTRICT OF NEVADA

8                                  * * *
                                    )
9   LETICIA ROMERO,                 )
                                    )
10              Plaintiff,          )           3:11-cv-00582-LRH-WGC
                                    )
11  v.                              )
                                    )           ORDER
12  WASHOE COUNTY, a political subdivision )
    of the State of Nevada; DIANNA MANN, )
13  individually and in her capacity as social )
    worker for WASHOE COUNTY; JULIE )
14  BRANDT, individually and in her capacity as )
    social worker for WASHOE COUNTY; )
15  DOES 1-10,                      )
                                    )
16              Defendants.         )
                                    )
17  _____

18          Before the Court is individual Defendants Dianna Mann's and Julie Brandt's Motion to

19  Dismiss.  Doc. #35.[1]  Plaintiff Romero filed an Opposition (Doc. #36) to which Defendants have

20  not replied.

21  **I.      Facts and Background**

22          This action concerns Defendants' warrantless removal of minor MMR from Romero's

23  home on or about February 4, 2010.  Doc. #19, ¶11.  Romero alleges that MMR was removed and

24  taken into protective custody based solely on an allegation from his twin sister that she alone was

25  sexually molested by another brother who also lived with Romero.  Doc. #19, ¶11.  Romero further

26  _____

            [1] Refers to the Court's docket number.

1   alleges that Defendants lacked reasonable cause to believe that MMR was likely to experience

2   serious bodily harm in the time it would have taken to obtain a warrant.  Doc. #19, ¶12.  MMR

3   remained in protective custody until July 29, 2010.  Doc. #19, ¶13.  On November 1, 2012, Romero

4   filed a First Amended Complaint alleging civil rights violations under 42 U.S.C. § 1983.  Doc. #19.

5   Thereafter, Defendants Mann and Brandt filed the present Motion to Dismiss.  Doc. #35.

6   **II.    Legal Standard**

7          Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure

8   to state a claim upon which relief can be granted.  To survive a motion to dismiss for failure to state

9   a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading

10  standard.  *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).  That

11  is, a complaint must contain "a short and plain statement of the claim showing that the pleader is

12  entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Rule 8(a)(2) pleading standard does not require

13  detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a

14  formulaic recitation of the elements of a cause of action'" will not suffice.  *Ashcroft v. Iqbal*, 556

15  U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

16         Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,

17  accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550

18  U.S. at 570).  A claim has facial plausibility when the pleaded factual content allows the Court to

19  draw the reasonable inference, based on the Court's judicial experience and common sense, that the

20  defendant is liable for the misconduct alleged.  *See id.* at 678-79.  "The plausibility standard is not

21  akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has

22  acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's

23  liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* at

24  678 (internal quotation marks and citation omitted).

25         In reviewing a motion to dismiss, the Court accepts the facts alleged in the complaint as

26  true.  *Id.*  However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of

1    the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*

2    *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 681) (brackets in original)

3    (internal quotation marks omitted).  The Court discounts these allegations because "they do nothing

4    more than state a legal conclusion—even if that conclusion is cast in the form of a factual

5    allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681).  "In sum, for a complaint to survive a motion to

6    dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be

7    plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

8    **III.    Discussion**

9          Defendants contend in their Motion to Dismiss that they are entitled to qualified immunity,

10   thereby precluding individual liability under 42 U.S.C. § 1983.  Doc. #35, p. 4-7.  "[Q]ualified

11   immunity protects government officials from liability for civil damages insofar as their conduct

12   does not violate clearly established statutory or constitutional rights of which a reasonable person

13   would have known." *Moss v. U.S. Secret Serv.*, 675 F.3d 1213, 1222 (9th Cir. 2012) (quoting

14   *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)) (internal quotations omitted).  In determining

15   whether a state actor is entitled to qualified immunity, courts employ a two-prong analysis. *Id.*

16   (citing *Mattos v. Agarano*, 661 F.3d 433, 440 (9th Cir. 2011)).  "[State actors] are denied qualified

17   immunity only if (1) 'the facts that a plaintiff has alleged . . . make out a violation of a

18   constitutional right'; and (2) 'the right at issue was clearly established at the time of [the]

19   defendant's alleged misconduct.'" *Id.* (quoting *Pearso*n, 555 U.S. at 232); *see also Mattos*, 661

20   F.3d at 440.

21         However, "a defendant presenting an immunity defense on a Rule 12(b)(6) motion instead

22   of a motion for summary judgment must accept the more stringent standard applicable to this

23   procedural route." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004).  Only where a

24   defendant's entitlement to qualified immunity can be established "based [solely] on facts appearing

25   on the face of the complaint" is dismissal appropriate. *Id.*; *Groten v. California*, 251 F.3d 844, 851

26   (9th Cir. 2001).  Furthermore, "the plaintiff is entitled to all reasonable inferences from the facts

alleged, not only those that support his claim, but also those that defeat the immunity defense." *McKenna*, 386 F.3d at 436.  Indeed, "at this stage, a motion to dismiss on qualified immunity grounds places the Court in the difficult position of deciding 'far-reaching constitutional questions on a non-existent factual record.'" *Cooper v. Nevada ex rel. Dept. of Transp.*, No. 3:09-cv-00640, 2010 WL 2837696, at *4 (D. Nev. July 15, 2010) (citing *Kwai Fun Wong v. United States*, 373 F.3d 952, 957 (9th Cir. 2004)).  As such, a motion to dismiss "is a mismatch for immunity and almost always a bad ground of dismissal." *McKenna*, 386 F.3d at 436 (quoting *Jacobs v. City of Chicago*, 215 F.3d 758, 775 (7th Cir. 2000) (Easterbrook, J., concurring in part)).

Under the first prong, the Court must assess whether the wrong Romero alleges amounts to a constitutional violation.  Indeed, "'[p]arents and children have a well-elaborated constitutional right to live together without government interference.'"  *Rogers v. County of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007) (quoting *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000)).  More specifically, "[t]he Fourteenth Amendment guarantees that parents will not be separated from their children without due process of law except in emergencies."  *Id.* (citing *Mabe v. San Bernardino Cnty, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1107 (9th Cir. 2001)).  "Officials violate this right if they remove a child from the home absent information at the time of the seizure that establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury."  *Id.* (quoting *Mabe*, 237 F.3d at 1106) (internal quotations omitted).  Similarly, the Fourth Amendment protects children from warrantless seizure except in emergencies.  *Id.* (citing *Doe v. Lebbos*, 348 F.3d 820, 827 n.9 (9th Cir. 2003)).  "Officials, including social workers, who remove a child from its home without a warrant must have reasonable cause to believe that the child is likely to experience serious bodily harm in the time that would be required to obtain a warrant."  *Id.* (citing *Mabe*, 237 F.3d at 1108).  At this stage in the proceedings, the Court need only consider whether the facts alleged in Romero's complaint suggest a plausible constitutional violation.  Based on these allegations, the Court finds that Romero has plausibly alleged that Defendants Mann and

1   Brandt violated her rights under the Fourth and Fourteenth Amendments.

2        Under the second prong, "[a] right is clearly established for purposes of qualified immunity

3   only where the contours of the right are 'sufficiently clear that a reasonable official would

4   understand that what he is doing violates that right.'" *Moss*, 675 F.3d at 1222 (quoting *Dunn v.*

5   *Castro*, 621 F.3d 1196, 1200 (9th Cir. 2010)).  Defendants concede that at the time of the events in

6   question, the law was clearly established in the Ninth Circuit.  Doc. #35, p. 5; *see also Rogers*, 487

7   F.3d at 1297 (declaring the law to be "clearly established").  However, Defendants go on to argue

8   that because the courts "either have not, or cannot, address and clearly define" the contours of

9   "reasonable cause," "imminent danger," and "serious bodily harm," social services employees

10   "should not be expected to know, with absolute certainty, the status of the law in the area."  Doc.

11   #35, p. 6-7.  The Court disagrees.  The Ninth Circuit has repeatedly articulated the legal standard to

12   be applied in these circumstances.  Furthermore, the Ninth Circuit has stated explicitly that "[a]

13   reasonable social worker would need nothing more to understand that she may not remove a child

14   from its home [absent reasonable cause to believe the child is in imminent danger of experiencing

15   serious bodily harm]."  *Rogers*, 487 F.3d at 1297.  Thus, the Court declines to find that the law is

16   not clearly established for purposes of Defendants' qualified immunity defense.

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

1   In conclusion, the Court finds that dismissal for failure to state a claim under F.R.C.P.

2   12(b)(6) is inappropriate.  Whether Defendants had reasonable cause to believe that MMR was in

3   imminent danger of serious bodily harm is the ultimate issue in this case, resolution of which will

4   require consideration of facts beyond the scope of Romero's complaint.  As such, Defendants may

5   pursue their qualified immunity defense at summary judgment.

6       IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc. #35) is

7   DENIED.

8       IT IS SO ORDERED.

9       DATED this 8th day of October, 2013.

11  _____

12  LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE

6