**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |  |
|---|---|---|
| LETICIA ROMERO, | ) | 3:11-cv-00582-HDM-WGC |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | ORDER |
| vs. | ) |  |
|  | ) |  |
| WASHOE COUNTY, a political subdivision of the State of Nevada, et al., | ) ) ) |  |
|  | ) |  |
| Defendants. | ) |  |
| _____ | ) |  |

Before the court is plaintiff's motion for judicial notice[1] (##52, 53). Defendant Washoe County filed a response (#55) and plaintiff replied (#56).

Plaintiff requests that the court take judicial notice of the papers and pleadings on file in the case of *Garver v. County of Washoe, et al.,* Ninth Circuit docket number 11-18015, and *Kirkpatrick v. County of Washoe*, Ninth Circuit docket number 12-15080. Specifically, plaintiff requests that the court take judicial notice

---

[1] Plaintiff originally filed the motion for judicial notice at #52, and thereafter filed a notice of corrected image/document at #53. The court refers to the pinpoint citations in #53, as it contains the corrected document.

1

of the cases "as evidence of a pattern of illegal conduct and the absence of any written policies of the County to protect constitutional rights" in situations involving the warrantless removal of a child when there is no reasonable belief the child would be placed in imminent danger of serious bodily injury in the time it would have taken to obtain a warrant. #53 at 2.

Defendant Washoe County responded that it "does not necessarily oppose the Court taking judicial notice of the existence of the other cases and the requested documents for the limited purpose of acknowledging their existence." #55 at 5.

A district court may take judicial notice of any fact not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. FED. R. EVID. 201(b). This includes public records of judicial proceedings that are not subject to reasonable dispute. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). However, "[a]s a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983).

Therefore, the court concludes it may take judicial notice of the existence of the documents on file in the cases *Garver v. County of Washoe, et al*, Ninth Circuit docket number 11-18015, and *Kirkpatrick v. County of Washoe*, Ninth Circuit docket number 12-15080. This includes the documents attached as Exhibits A, B, C, and D to the

2

motion for judicial notice.[2]  However, the court may not take judicial notice of the veracity of the arguments and disputed facts contained therein.  *United States v. S. Cal. Edison Co.*, 300 F.Supp.2d 964, 974 (holding that a court "cannot take judicial notice of another court's determination of the truth of disputed facts").  Accordingly, for the reasons set forth above plaintiff's motion for judicial notice (#52) is **GRANTED in part** and **DENIED in part**.

IT IS SO ORDERED.

DATED: This 29th day of October, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Exhibit A is the Ninth Circuit order dismissing defendants' appeal in *Garver*.  Exhibit B is the *Garver* complaint.  Exhibit C is the Ninth Circuit opinion in *Kirkpatrick*.  Exhibit D is the *Kirkpatrick* complaint.

3